IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Collins, Inc., | No. CV-12-00687-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Does 1-57, | |
| Defendant. | |

    Pending before the Court is Plaintiff's motion for leave to take expedited discovery. (Doc. 3). Having considered the issues raised therein, including the requirements of the Cable Privacy Act, 47 U.S.C. § 551, Plaintiff's motion will be granted.

## BACKGROUND

    Plaintiff filed a Complaint alleging copyright infringement and contributory infringement against unknown defendants. (Doc. 1). Plaintiff alleges persons in the on-line community duplicated and distributed unauthorized copies of Plaintiff's copyrighted movie. Plaintiff seeks permission to take early discovery for the limited purpose of identifying these unknown defendants. Specifically, Plaintiff seeks to subpoena Comcast Cable, Cox Communications and Qwest Communications, each in its capacity as an Internet Service Provider ("ISP"), to determine the name, current and permanent address, telephone numbers, e-mail addresses, and Media Access Control (MAC) Address of subscribers connected to

specific IP addresses that have allegedly been used to infringe upon of Plaintiff's copyrighted works. (Doc. 1, Ex. A).

## ANALYSIS

Where the identity of alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).

The Court will exercise its discretion to allow Plaintiff to collect limited pre-service discovery from Comcast Cable, Cox Communications and Qwest Communications, and to excuse Plaintiff from the meet and confer requirements of Rule 26(d) and 26(f) for the limited purpose of determining the identities of the unknown defendants. The Court will order Comcast Cable, Cox Communications and Qwest Communications–to the extent they are "cable operator[s]" as defined by 47 U.S.C. § 522(5)–to comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B).

Accordingly,

**IT IS ORDERED** Plaintiff's motion for expedited discovery **(Doc. 3)** is **GRANTED**. Plaintiff is excused from the meet and confer requirements of Rule 26(d) and 26(f) and may subpoena Comcast Cable, Cox Communications and Qwest Communications for the limited purpose of discovering the identities of the subscribers to whom the IP addresses listed in Doc. 1, Exhibit A, had been assigned at the time the alleged unauthorized distribution of the copyrighted work occurred.

**IT IS FURTHER ORDERED** that, if served with such a subpoena, Comcast Cable, Cox Communications and Qwest Communications shall:

    1) immediately suspend any process that might delete the information sought by

1  Plaintiff; and
2      2) have 30 calendar days from the date of service of the subpoena to
3          (a) comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B), if
4  the subpoenaed party is a "cable operator" as defined by 47 U.S.C. § 522(5), and
5          (b) respond to the subpoena.
6  **IT IS FURTHER ORDERED** Plaintiff shall serve a copy of this order to the
7  subpoenaed parties.
8      DATED this 24th day of April, 2012.

_____
Roslyn O. Silver
Chief United States District Judge

- 3 -